### Petition of JOSEPH HUNSINGER.

No. 11571.
Decided June 24, 1969.
456 P.2d 304.

## MEMO OPINION AND ORDER

PER CURIAM.

Joseph Hunsinger, an inmate in the Montana state prison, appearing pro se, has filed a petition with this Court entitled "Petition for a Writ of Habeas Corpus or Writ of Certiorari".

Petitioner states that an information was filed and a warrant issued for his arrest in Broadwater County on February 25, 1965. The information charged petitioner with attempted rape and set forth two prior convictions of the same nature. At the time of filing the information the petitioner was a patient in St. John's hospital in Helena, Montana and he was not incarcerated in the county jail until March 13, 1965, although the warrant and information were served on him in the hospital. It appears from the petition that the initial arraignment was had in Lewis and Clark County. The district judge, believing petitioner to be indigent, appointed Patrick Hooks, Esq., an attorney of Townsend, Broadwater County, Montana, to represent him.

As such attorney, Mr. Hooks took the necessary preliminary steps to protect the petitioner by entering a plea of not guilty, moving for a change of place of trial from Broadwater county and requesting a psychiatric examination. The court granted a change in the place of trial to Wheatland county and ordered a psychiatric examination. Following these proceedings the petitioner informed the court he had no further need for the services of Mr. Hooks and asked that the record show the law firm of Mahan & Mahan as his counsel. He alleges he paid the sum of $1400 to the firm of Mahan & Mahan.

It appears that when the district judge learned petitioner was in possession of sufficient funds to employ his own defense counsel he attempted to protect the taxpayers by imposing a lien on a parcel of property owned by petitioner to pay for the legal work done by Mr. Hooks whose claim came to $300.

Petitioner complains of the appointment of counsel for him by the court. In Montana an indigent accused is entitled as a matter of right to appointive counsel upon arraignment in the district court. The rights set forth in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, have been recognized in Montana since territorial days and provided for by statute, section 94-6512, R.C.M.1947.

■ However, when an accused has the financial ability to employ counsel to preserve his rights there is no reason for the state to provide such service to him. Here, during a period of a month to six weeks the indigence of the petitioner was in question; he was charged with a serious felony and with two prior convictions and the district court quite properly moved to protect his rights.

■ Basically petitioner seems to be making a two-pronged request: First, that the lien for attorney fees for $300 be set aside. The order purporting to establish such a lien was dated April 8, 1965 purportedly granting a lien to Broadwater county and directing that if it was not satisfied within one year the county could foreclose it. There is no legal authority for establishment of a lien in such a summary manner even if Broadwater county may very well have a legal action against the defendant in quantum meruit or on some other legal theory. Accordingly, this opinion and order directs and orders that the purported order for lien dated April 8, 1965 be set aside and held for naught.

■ Second, that his plea of guilty and resulting sentence of ten years was induced by coercion, fraud, or deceit or all of them. Petitioner recites his poor physical condition at the time, and complains of the advice of his retained counsel and his fear of the influence of the special prosecutor employed to assist the county attorney.

We have examined the entire record and find the complaints and charges of the petitioner to be wholly without merit.

The petition for writ of habeas corpus or for writ of review is denied and the proceeding is dismissed.