# STATE OF MONTANA,
## Plaintiff and Respondent,
### v.
# JAMES ZACKUSE,
## Defendant and Appellant.

No. 91-449.
Decided September 18, 1991.
250 Mont. 385.

## OPINION AND ORDER

Notice of appeal was filed in this matter on May 30, 1991. The District Court record was transmitted to the Clerk of this Court on September 11, 1991. The District Judge presiding has now forwarded to the Court a copy of an August 28, 1991, letter in which defendant and appellant Zackuse asks that different counsel be appointed to represent him on appeal because his present counsel "is very ineffective and insufficient."

A defendant's right to assistance of counsel at public expense extends through an original appeal of right, but the accused does not have the right to counsel of his or her choice. *State v. Pepperling* (1978), 177 Mont. 464, 472, 582 P.2d 341, 346. It is within the discretion of the trial court to rule on a motion for substitution of counsel. *State v. Long* (1983), 206 Mont. 40, 45, 669 P.2d 1068, 1071.

If the trial court determines that the defendant and his counsel have a conflict so great that it results in a total lack of communication or if counsel is failing to render effective assistance, new counsel should be appointed. *State v. Martz* (1988), 233 Mont. 136, 139-40, 760 P.2d 65, 67; *Pepperling,* 582 P.2d at 346. The burden of proof is on the defendant to come forward with material facts establishing

total lack of communication or ineffective assistance of counsel, and bare unsupported allegations are insufficient to justify appointment of new counsel. *Long*, 669 P.2d at 1071. If defendant does not meet his burden, then he has the choice of continuing with his present counsel or having counsel dismissed and proceeding pro se. *Pepperling*, 582 P.2d at 346.

## IT IS ORDERED:

1. This matter is remanded to the District Court for the Twentieth Judicial District, Lake County, for a ruling on defendant's request for appointment of new counsel. The District Court may, in its discretion, base its ruling upon written briefing, without the need for defendant to appear personally before the court.

2. The Clerk shall send copies of this order to defendant personally, to defendant's counsel, to the County Attorney for Lake County, and to the office of Montana's Attorney General, all of whom shall be granted the opportunity to brief the issues before the District Court.

3. The Clerk shall return the District Court file and one copy of the transcript to the District Court for Lake County. The Clerk shall send a copy of every document in the District Court file and one copy of the transcript to defendant personally. The third copy of the transcript shall be retained by the Clerk of this Court, and may be used by the Montana Attorney General.

DATED this 18th day of September, 1991.

s/ J.A. TURNAGE, Chief Justice
s/ JOHN CONWAY HARRISON, Justice
s/ TERRY TRIEWEILER, Justice
s/ WILLIAM E. HUNT SR., Justice
s/ R.C. McDONOUGH, Justice
s/ KARLA M. GRAY, Justice
s/ FRED J. WEBER, Justice