JUSTICE ERDMANN
specially concurring.
I concur with Justice Nelson on Issues 2, 4, and 5.1 join in Justice Gray’s special concurrence on Issue 1, and I specially concur with Justice Nelson’s holding on Issue 3 to emphasize what I believe should be the narrow scope of its holding.
This Court has previously held that if a trial court determines that the defendant and his counsel have a conflict so great that it results in a total lack of communication, or if counsel fails to render effective assistance, new counsel should be appointed. State v. Zackuse (1991), 250 Mont. 385, 385, 833 P.2d 142, 142 (citing State v. Martz (1988), 233 Mont. 136, 139-40, 760 P.2d 65, 67; State v. Pepperling (1978), 177 Mont. 464, 472-73, 582 P.2d 341, 346).
In the present case, the District Court conducted a post-trial hearing to determine the effectiveness of Finley’s counsel. The court asked Finley to explain his complaints about his lawyer and then allowed Finley’s counsel to take the stand and rebut the allegations. I agree with Justice Nelson when he states that a “conflict of interest such as the one present here, where counsel takes the stand in opposition to his client and to rebut his client’s allegations of ineffectiveness, renders the assistance of that counsel ineffective for purposes of that proceeding.” I therefore concur with the Court’s opinion that the District Court should have determined that Finley and his counsel had a conflict of interest so great that Finley should have been appointed new counsel, at least for the purpose of the competency hearing.
I write separately to emphasize that the Court’s opinion correctly qualifies its holding by stating that “[o]n the facts here, we conclude that the trial court abused its discretion in not appointing counsel to represent Finley at the post-trial hearing.” (Emphasis added.) This Court’s longstanding rule for determining when a district court should appoint new counsel when allegations of ineffective assistance of counsel are made is set forth in Zackuse and should remain intact. The Court’s opinion should not be read to require appointment of new counsel whenever an allegation of ineffective assistance of counsel is made in district court.