No. 96-378

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 70

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ARVIN PETER GALLAGHER,

Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Marge Johnson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William F. Hooks, Appellate Defender Office,
Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; John Paulson,
Assistant Attorney General; Helena, Montana

Brant Light, Cascade County Attorney; Julie Macek and
Kirsten LaCroix, Deputy County Attorneys; Great Falls,
Montana

Submitted on Briefs: February 12, 1998

Decided:   March 31, 1998
Filed:

_____
Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1    Arvin Peter Gallagher appeals from the judgment and sentence entered on his conviction for felony assault by the Eighth Judicial District Court, Cascade County.  We reverse and remand.

¶2    The sole dispositive issue on appeal is whether the District Court denied Gallagher his right to effective assistance of counsel by denying certain pretrial requests for appointment of substitute counsel.

FACTUAL AND PROCEDURAL BACKGROUND

¶3    By way of an information filed October 14, 1993, the State charged Gallagher with  one count of felony assault, in violation of § 45-5-202(2)(c), MCA.  Gallagher appeared at his October 28, 1993, arraignment with court-appointed counsel, Susan Weber, and entered a plea of not guilty to the charge of felony assault.  The District Court originally set trial for February 1, 1994, but continued that date at Gallagher's request.  On January 14, 1994, Gallagher waived his right to a speedy trial.

¶4    On June 28, 1994, Weber filed a motion for substitution of counsel due to the fact that she was resigning as Public Defender and would be replaced by Lawrence LaFountain.  The District Court granted Weber's motion the following day, and ordered that LaFountain be substituted as counsel for Gallagher.

¶5    On September 7, 1994, LaFountain filed a motion to continue the trial date due to a scheduling conflict.  The court granted LaFountain's motion, resetting the trial for October 31, 1994.  On the date set for trial, however, LaFountain authored a motion indicating that Gallagher had signed and filed a written plea agreement, and asking that the court schedule a change of plea hearing.  Although the court granted LaFountain's motion and scheduled a change of plea hearing for January 26, 1995, that hearing was never held.

¶6    On August 2, 1995, the State filed a motion asking that the court schedule a second change of plea hearing.  The court granted the State's motion, and scheduled another change of plea hearing for September 5, 1995. The court held the September 5, 1995, hearing as scheduled, but Gallagher indicated he had decided not to plead guilty and accordingly did not enter a change of plea.  Instead, LaFountain put Gallagher on the witness stand and questioned  him about his dissatisfaction with LaFountain's performance as defense counsel.  Gallagher indicated to the court that he wished to have another attorney appointed to represent him.

¶7    LaFountain continued as counsel of record, appearing on Gallagher's behalf at a September 20, 1995, omnibus hearing during which the court established a January 22, 1996, trial date.  On January 8, 1996, however, LaFountain filed a motion to continue the trial date yet again, and to withdraw as Gallagher's attorney.  In a January 12, 1996, order, the District Court denied LaFountain's motion for a continuance, and denied his motion to withdraw as counsel of record, subject to reconsideration at the pretrial conference.

¶8    In accordance with the District Court's order, Gallagher's trial began on

January 22, 1996. On January 23, 1996, the jury returned its verdict, finding Gallagher guilty of felony assault. The court sentenced Gallagher to the Department of Corrections for a term of five years, all suspended. The court ordered that Gallagher be placed under the House Arrest Program through the Pre-release Center for the full period of his sentence, and ordered that he be subject to a number of additional conditions. The court entered its written Judgment of Conviction and Sentencing Order on April 1, 1996.

¶9 On May 31, 1996, LaFountain filed a notice of appeal on Gallagher's behalf. Gallagher did not file an appellate brief and, accordingly, we issued an order dated September 18, 1996, instructing Gallagher to demonstrate good cause for failure to prosecute his appeal. LaFountain responded to this Court's order on October 7, 1996, indicating he, unlike his client, felt the record contained no appealable issues. LaFountain additionally asked that we remand the case to the District Court to develop a record regarding Gallagher's complaints about his legal counsel. We denied LaFountain's request for remand, and ordered that he file either a motion to withdraw or an initial appellate brief. LaFountain subsequently filed a motion to withdraw as appellate defense counsel, along with a supporting Anders brief in which he again asked that this Court remand the case to District Court for a hearing on effectiveness of counsel. On March 20, 1997, we issued an order granting LaFountain's motion to withdraw, and concluded the case contained "appealable issues which may include the effectiveness of assistance of counsel." On March 25, 1997, the District Court appointed the Appellate Defender to represent Gallagher's interests on appeal.

### STANDARD OF REVIEW

¶10 We have repeatedly recognized that it is within the sound discretion of the district court to rule on requests for the appointment of new counsel. City of Billings v. Smith (1997), 281 Mont. 133, 136, 932 P.2d 1058, 1060; State v. Craig (1995), 274 Mont. 140, 149, 906 P.2d 683, 688, cert. denied (1996), 116 S. Ct. 1689, 134 L. Ed. 2d 790; State v. Morrison (1993), 257 Mont. 282, 284, 848 P.2d 514, 516. Thus, absent an abuse of discretion, we will not overturn such a decision by the district court. City of Billings, 281 Mont. at 136, 932 P.2d at 1061; Craig, 274 Mont. at 149, 906 P.2d at 688; Morrison, 257 Mont. at 284, 848 P.2d at 516.

### DISCUSSION

¶11 Did the District Court deny Gallagher his right to effective assistance of counsel by denying certain pretrial requests for appointment of substitute counsel?

¶12 On appeal, Gallagher argues the District Court erred in failing to conduct an adequate inquiry into his complaints about his attorney, LaFountain, and thereby denied him his constitutionally protected right to the effective assistance of counsel. More specifically, Gallagher argues the court erred because it did not adequately address his complaints, which included allegations that he and LaFountain had a severe personality conflict and were

unable to communicate productively because LaFountain advocated that Gallagher plead guilty, while Gallagher persisted on going to trial.

¶13 In response, the State argues the District Court conducted an adequate inquiry into Gallagher's complaints, and that it thus did not abuse its discretion in denying LaFountain's January 8, 1996, motion to withdraw as counsel of record. The State points to the September 5, 1995, hearing during which LaFountain questioned Gallagher regarding his complaints about counsel, and argues the court made an adequate inquiry into Gallagher's concerns at that time and correctly decided that Gallagher had no substantial complaints.

¶14 We have recognized that even an indigent criminal defendant, like Gallagher, has a fundamental right, guaranteed by the Sixth Amendment to the United States Constitution and Article II, Section 24, of the Montana Constitution, to the effective assistance of counsel. See, e.g., City of Billings, 281 Mont. at 136, 932 P.2d at 1060. In the event that a criminal defendant presents a "seemingly substantial complaint" regarding the effectiveness of counsel, the court should conduct a hearing to address the merits of the defendant's claims and the request for substitution of counsel. City of Billings, 281 Mont. at 136, 932 P.2d at 1060. This Court has held that "the threshold issue in determining whether a 'substantial complaint' exists is 'not whether counsel was ineffective, but whether the District Court erred in failing to make an adequate inquiry into [a defendant's] claim of ineffective assistance of counsel.'" City of Billings, 281 Mont. at 136, 932 P.2d at 1060 (quoting State v. Weaver (1996), 276 Mont. 505, 511, 917 P.2d 437, 441).

¶15 In other words, when first presented with allegations of ineffective assistance of counsel, the district court must make an adequate initial inquiry into the nature of those complaints and determine if they are seemingly substantial. We have recognized that such an initial inquiry may be adequate where the court "considered the defendant's factual complaints together with counsel's specific explanations addressing the complaints." City of Billings, 281 Mont. at 136-37, 932 P.2d at 1060 (citing State v. Craig (1995), 274 Mont. 140, 906 P.2d 683; State v. Morrison (1993), 257 Mont. 282, 848 P.2d 514). Conversely, we have found a district court's inquiry to be inadequate where it failed to make "even a cursory inquiry" into the defendant's complaints. State v. Weaver (1996), 276 Mont. 505, 511-12, 917 P.2d 437, 441; see also City of Billings, 281 Mont. at 139-40, 932 P.2d at 1062-63 (holding inquiry inadequate where court refused to let the defendant explain his complaints and made no inquiry into the allegations). Only if the court concludes the defendant has presented seemingly substantial complaints about adequate counsel must it then hold a hearing to address the validity of those complaints. City of Billings, 281 Mont. at 141, 932 P.2d at 1063. If the court instead concludes, after an adequate initial inquiry, that the defendant has failed to present seemingly substantial complaints, it need not conduct a hearing on the merits. City of Billings, 281 Mont. at 141, 932 P.2d at 1063.

¶16 Thus, in the present case, we must first determine whether the District Court made an adequate initial inquiry into Gallagher's complaints about his counsel, such that it could accurately determine whether those complaints were seemingly substantial. The record indicates that Gallagher's complaints regarding his legal counsel first came to the court's attention during a

September 5, 1995, hearing.  In response to a motion by the State, the court scheduled a change of plea hearing for September 5, 1995.  Sometime prior to the scheduled hearing, however, Gallagher changed his mind and decided not to change his plea.  Although Gallagher had decided not to enter a change of plea, LaFountain took the opportunity afforded by the hearing to present Gallagher's request that he be appointed another attorney. LaFountain called Gallagher as a witness, and began the following line of questions regarding Gallagher's complaints:

Q [LaFountain]: And we've certainly had our differences between that time and now; is that correct?

A [Gallagher]: Yes.  At the beginning when we first met we had our differences.

Q:  Okay. But you would like to have a different attorney; is that correct?

A:  Yes, I would.

Q:  Could you tell the Court the reasons why?

A: I feel like that you haven't done an adequate job towards me on stating more or less that I was guilty from the beginning of when I first met you.  I'm trying to sit there and explain myself to you and we both got into a little argument, and I feel that you haven't been -- more or less you're my public defender and you more or less told me I'm guilty of a crime that I feel I'm not guilty of.

Q: Have I expressed to you throughout that there's a strong chance that you will be convicted?

A: That's it.  You know, there's a strong chance that I will not be convicted.  We're supposed to work together on this.  And I feel that we haven't been able to work together on this in some different point of views.  I asked you before if I can get another -- at the beginning when I do remember I asked you before when we first met if I can get another public defender and you stated no, I can't.  Which is untrue, you know.  I have seen many people in the judicial system that have got different public defenders.

¶17   LaFountain then explained to the court that what his client "wishes is to receive the appointment of another public defender" and indicated that Gallagher felt he had a "severe personality conflict" with LaFountain.  The court then asked LaFountain whether another attorney in his office could handle the case, and LaFountain responded that "Scott Albers could be reassigned to the case."

¶18   Then, by way of resolution, the court explained to Gallagher that:
[N]ormally there is no requirement that people like the public defender they're working with.  What is the requirement is that they do an adequate job of representing them, and that they present whatever witnesses are going to be presented.  It's my

understanding that Mr. LaFountain is willing to do that, to take this matter to trial and to present a defense, but he's also willing to see whether Mr. Albers, who is another attorney in their office, would be willing to take this defense given your differences with him. I will grant your motion if Mr. Albers is willing to do that.

¶19 Gallagher indicated to the court that he would try to hire his own lawyer, stating that he already knew Scott Albers from a prior confrontation. In light of his client's apparent objection to being represented by Albers, the chief public defender, LaFountain told the court he did not know what to do. In response, the court suggested that Gallagher go meet with Albers, and expressed its intent to "set a trial date that will not be continued."

¶20 Some four months later, on January 8, 1996, LaFountain filed a motion to withdraw as counsel of record on the stated grounds that:
The Defendant has refused to stay in contact with counsel, has requested new counsel on previous occasions, and wishes to present a time-consuming defense. . . . Counsel also requests to be allowed to withdraw because the client refuses to cooperate with counsel and will probably file for ineffective assistance of counsel if counsel does not present the Defendant's requested defense.

¶21 On January 12, 1996, the court issued an order denying LaFountain's motion to withdraw, subject to reconsideration at the pretrial conference. The court recollected that Gallagher had requested new counsel at the September 5, 1995, hearing, and ultimately ordered that "[i]f [Gallagher] has obtained other counsel, he may proceed with other counsel. If he wishes to proceed and represent himself, he may do so and current counsel will be appointed as stand-by counsel."

¶22 Consistent with our established analysis, we must initially determine whether the record indicates the District Court made an adequate initial inquiry into Gallagher's complaints about his counsel. Originally scheduled as a change of plea hearing, the September 5, 1995, hearing was instead used by LaFountain for the sole purpose of discussing Gallagher's request that the court appoint him a new attorney. The court permitted LaFountain to question Gallagher regarding his complaints, listened to Gallagher's answers and complaints, and actively sought to resolve the matter. See, e.g., City of Billings, 281 Mont. at 139-40, 932 P.2d at 1062-63 (holding inquiry inadequate where court refused to let the defendant explain his complaints and made no inquiry into the allegations). The court made more than a cursory inquiry into Gallagher's complaints, asking LaFountain whether another public defender from his office could undertake Gallagher's representation, and suggesting that Gallagher meet with Scott Albers, another public defender. See, e.g., Weaver, 276 Mont. at 511-12; 917 P.2d at 441 (holding initial inquiry inadequate where record was "devoid of any indication that the court made even a cursory inquiry into [the defendant's] complaints about his counsel's representation"). The record thus suggests that, following the September 5, 1995, hearing, the District Court had enough information before it from which it could have accurately determined whether or not Gallagher's

complaints were of a seemingly substantial nature.  Thus, despite Gallagher's arguments to the contrary, we conclude the District Court made an adequate initial inquiry into the nature of Gallagher's complaints at the September 5, 1995, hearing.  Having conducted the inquiry, however, the District Court apparently concluded that Gallagher's complaints were not of such a substantial nature as to warrant a hearing.

¶23  We must next review the District Court's decision that Gallagher's complaints were not of a seemingly substantial nature and whether the District Court consequently erred in failing to hold a subsequent hearing to address the validity of those complaints.  Gallagher argues that he did indeed raise seemingly substantial complaints about his counsel at the September 5, 1995, hearing.  For example, on appeal, Gallagher asserts he demonstrated to the court that his relationship with his attorney had deteriorated due to a "total lack of communication."  During the course of the hearing, Gallagher explained that he and his attorney had reached an impasse with respect to the proper course of action in his case.  Gallagher indicated he felt his attorney had more or less told him he was guilty of a crime he felt he was not guilty of, and told the court he believed he and his attorney had been unable to "work together" on his defense.  Furthermore, LaFountain explained to the court that Gallagher felt he had a "severe personality conflict" with LaFountain.

¶24  We have recognized that the District Court should appoint new counsel if it "determines that the defendant and his counsel have a conflict so great that it results in a total lack of communication."  State v. Zackuse (1991), 250 Mont. 385, 385-86, 833 P.2d 142, 142.  The defendant bears the burden of coming "forward with material facts establishing total lack of communication . . . and bare unsupported allegations are insufficient to justify appointment of new counsel."  Zackuse, 250 Mont. at 385-86, 833 P.2d at 142.  Moreover, "[i]f the defendant does not meet his burden, then he has the choice of continuing with his present counsel or having counsel dismissed and proceeding pro se."  Zackuse, 250 Mont. at 386, 833 P.2d at 142.

¶25  In the present case, Gallagher told the District Court of the ongoing and severe conflict between himself and his attorney, thereby suggesting that they suffered from a total lack of communication.  On the basis of the record before us, we conclude that the District erred in determining that Gallagher's complaints were not of a seemingly substantial nature.  As we recognized in Zackuse, Gallagher bore the burden of presenting material facts to establish the total lack of communication suggested by his testimony at the September 5, 1995, hearing.  Because the court wrongfully determined that Gallagher's complaints were not of a seemingly substantial nature, however, it failed to hold a subsequent hearing to inquire into the validity of Gallagher's complaints.  Without a hearing, Gallagher never had the opportunity to come forward and demonstrate the total lack of communication he alleged and whether he was entitled to new counsel.

¶26  We hold that, although the court conducted an adequate initial inquiry into Gallagher's complaints, it erred in effectively concluding that his complaints were not seemingly substantial enough to warrant further examination.  We thus conclude the court erred in failing to hold a second hearing to address the validity of Gallagher's claims.  It is therefore necessary

to remand this case to the District Court for a hearing to determine the validity of Gallagher's complaints. If the court ultimately finds that Gallagher was denied effective assistance of counsel, the judgments and sentences against him are vacated, including the imposition of any fines and costs, and a new trial is ordered. See City of Billings, 281 Mont. at 141, 932 P.2d at 1063. If, on the other hand, the court determines that Gallagher was not denied effective assistance of counsel, then the judgment and conviction are affirmed, subject to Gallagher's right to appeal the District Court's determinations on remand. See City of Billings, 281 Mont. at 141, 932 P.2d at 1063.

/S/   JIM REGNIER

We Concur:

/S/   J. A.   TURNAGE
/S/   KARLA M. GRAY
/S/   JAMES C. NELSON
/S/   WILLIAM E. HUNT, SR.