No. 00-780

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 41

STATE OF MONTANA,

      Plaintiff and Respondent,

v.

DWAYNE KELLAMES,

      Defendant and Appellant.

STATE LAW LIBRARY
MAR 05 2002
OF MONTANA

FILED

MAR – 5 2002

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell Fagg, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Helena, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; John Paulson,
Assistant Attorney General, Helena, Montana

          Dennis Paxinos, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs: October 18, 2001

Decided: March 5, 2002

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Dwayne Kellames pled guilty to the offense of robbery. Prior to sentencing by the Thirteenth Judicial District Court, Yellowstone County, he moved to withdraw his plea and asked that new counsel be appointed to represent him. The District Court denied both motions, sentenced Kellames and entered judgment. Kellames appeals and we affirm.

¶2 We address the following issues:

¶3 1. Did the District Court abuse its discretion in denying Kellames' motion to withdraw his guilty plea?

¶4 2. Did the District Court err in determining Kellames' complaints about his counsel were not seemingly substantial?

BACKGROUND

¶5 In June and July of 1999, the State of Montana charged Kellames with felony theft, burglary, and three counts of robbery stemming from a series of crimes against casinos and an auto leasing business in Billings, Montana. The District Court appointed the Yellowstone County Public Defender Office (YCPDO) to represent him.

¶6 On October 26, 1999, Kellames and the State entered into a plea agreement under which Kellames agreed to plead guilty to one charge of robbery and the State agreed to dismiss the remaining charges. In entering his guilty plea, Kellames admitted that on June 25, 1999, he threatened a casino employee with immediate bodily injury if she did not

2

provide him with the cash from her cash register. The District Court accepted Kellames' guilty plea and set a date for sentencing.

¶7 After the change of plea hearing, Kellames contacted his attorney about withdrawing his guilty plea. Counsel advised him that he should not, and could not, withdraw his plea. A conflict of interest then arose between the YCPDO and Kellames, when Kellames provided information to law enforcement implicating other public defender clients in drug crimes. Consequently, the District Court appointed substitute counsel David Duke to represent Kellames.

¶8 Kellames told Duke about his desire to withdraw his guilty plea and Duke filed a motion to withdraw the plea. After the court denied the motion, Kellames filed a motion for new counsel and to withdraw his plea and wrote a letter to the presiding judge in which he made specific complaints about the YCPDO and Duke. On July 26, 2000, the District Court held a hearing--at which Kellames represented himself--to determine if Kellames' complaints were seemingly substantial, thereby justifying appointment of additional counsel for a hearing on the merits of the complaints. After the hearing, the District Court determined Kellames' complaints were not seemingly substantial. It subsequently sentenced Kellames to 40 years in prison. Kellames appeals, represented by the Appellate Defender Office.

DISCUSSION

¶9 Did the District Court abuse its discretion in denying Kellames' motion to withdraw his guilty plea?

3

¶10 A district court may, for good cause, permit a plea of guilty to be withdrawn and a plea of not guilty to be substituted. Section 46-16-105(2), MCA. A guilty plea is valid only if it represents a "voluntary, knowing, and intelligent choice among the alternative courses of action open to the defendant." *State v. Keys*, 1999 MT 10, ¶ 12, 293 Mont. 81, ¶ 12, 973 P.2d 812, ¶ 12 (citations omitted).

¶11 This Court reviews a district court's ruling on a motion to withdraw a guilty plea for abuse of discretion. *State v. Bowley* (1997), 282 Mont. 298, 304, 938 P.2d 592, 595. In determining whether good cause existed and whether the court abused its discretion, we consider three factors: (1) the adequacy of the district court's interrogation at the time of the plea regarding the defendant's understanding of the consequences of the plea; (2) whether the plea was the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge; and (3) the promptness with which the defendant attempted to withdraw the plea. *Keys*, ¶ 11 (citation omitted). We will

> deem a guilty plea involuntary when it appears that the defendant was laboring under such a strong inducement, fundamental mistake, or serious mental condition that the possibility exists he may have pled guilty to a crime of which he is innocent.

*Keys*, ¶ 12 (citation omitted). Any doubt regarding whether a guilty plea was voluntarily or intelligently made must be resolved in favor of the defendant. *Keys*, ¶ 12 (citation omitted).

¶12 Kellames contends the District Court's interrogation at the time he changed his plea was inadequate in that, rather than going over all of his rights with him individually, the court relied on Kellames' response that he had listened to the interrogation of--and was willing to

4

give up the fundamental rights covered with--two defendants who pled guilty to other crimes immediately before he entered his guilty plea. Kellames points out that this Court cannot review the colloquy between the District Court and those defendants because it is not part of the record on appeal.

¶13 It is true that the trial court's colloquy with other defendants is not before us. However, the rights Kellames generally claims were inadequately covered during the court's pre-plea interrogation of him were listed in the written plea agreement he signed and to which the District Court referred him during the change-of-plea hearing. More importantly, Kellames did not include this alleged inadequacy as grounds for the motion to withdraw his guilty plea in the District Court. This Court does not address issues or theories raised for the first time on appeal. *State v. Osterloth*, 2000 MT 129, ¶ 20, 299 Mont. 517, ¶ 20, 1 P.3d 946, ¶ 20.

¶14 With regard to the second and third factors from *Keys*, we observe--as did the District Court--that Kellames' plea of guilty was given in exchange for the dismissal of four other felony charges against him. Convictions on those charges could have resulted in multiple 100-year prison terms. The State concedes the motion to withdraw the guilty plea was prompt.

¶15 In addition to the three-factor test from *Keys*, Kellames claims his plea was involuntary because of his mother's influence over him. In both his motion to withdraw the guilty plea and the hearing on that motion, Kellames stated his attorneys brought his mother to the jail to visit him before he signed the plea agreement. Without specifying what, if

5

anything, she said to him, Kellames further stated his mother broke down in tears during the visit and--because he is very sensitive to women in his family--he gave in and signed the plea agreement.

¶16 Kellames concedes that, in response to the District Court's questioning at the change-of-plea hearing, he denied he was suffering from a disability, stated he felt no threat or coercion to plead guilty, and admitted the decision to plead guilty was totally his. In the face of those assertions, his present claim regarding his mother's influence is unpersuasive. We conclude that Kellames has not stated a claim of pressure from his mother which rises to the level of coercion sufficient to render his subsequent responses to questioning in open court involuntary.

¶17 Finally, Kellames contends he has a serious mental problem, bipolar disorder, which requires medication and his counsel failed to so inform the court during the change-of-plea hearing. Relying on *State v. Sanders*, 1999 MT 136, ¶ 15, 294 Mont. 539, ¶ 15, 982 P.2d 1015, ¶ 15, for the proposition that all doubts about the voluntariness of a criminal defendant's guilty plea should be resolved in favor of a trial on the merits, he contends the District Court should have held a hearing on his motion to withdraw his guilty plea because of his mental disorder. Taking the last portion of Kellames' argument first, we need observe only that he did not request such a hearing in the District Court.

¶18 Kellames is correct that doubts about the voluntariness of a guilty plea should be resolved in favor of a trial on the merits. He relies on *State v. Ereth*, 1998 MT 197, 290 Mont. 294, 964 P.2d 26, in arguing the existence of such doubt based on a "serious mental

6

condition" here, but *Ereth* is readily distinguishable. There, the defendant entered an *Alford* plea based on her belief that she may have been repressing memories of committing the sexual offenses with which she was charged. *Ereth*, ¶ 11. She later came to reject that basis for her plea and moved to withdraw the plea. *Ereth*, ¶ 15. We held that the District Court abused its discretion in refusing to allow the defendant to withdraw her guilty plea, because we determined the plea was not voluntarily, knowingly, and intelligently made. *Ereth*, ¶ 34.

¶19 Unlike the record in *Ereth*, this record contains no indication that Kellames' claimed mental disorder influenced his plea. Nor did Kellames enter an *Alford* plea. Kellames admitted to the District Court that he was not suffering under any disability and that he had committed the offense of robbery by threatening a casino employee with immediate bodily injury if she did not give him the cash from the register. His unsupported allegation that a claimed bipolar disorder requiring medication undercuts the validity of those admissions is unpersuasive. In short, Kellames has raised no doubt about whether his guilty plea was voluntarily or intelligently made.

¶20 In summary, the record before us indicates that the District Court adequately interrogated Kellames when he entered the plea and that his plea was given in exchange for the dismissal of other felony charges, and Kellames has produced nothing which creates doubt that his plea was voluntary. Therefore, we hold the District Court did not abuse its discretion in denying Kellames' motion to withdraw his guilty plea.

¶21 Did the District Court err in determining Kellames' complaints about his counsel were not seemingly substantial?

7

¶22 When presented with allegations of ineffective assistance of counsel which purportedly require appointment of new counsel, a district court must make an adequate initial inquiry into the nature of those complaints and determine if they are seemingly substantial. *State v. Gallagher*, 1998 MT 70, ¶ 15, 288 Mont. 180, ¶ 15, 955 P.2d 1371, ¶ 15 (*Gallagher I*). If, but only if, the complaints are seemingly substantial, the court must appoint new counsel to represent the defendant at a hearing on the merits of the motion for new counsel. *Gallagher I*, ¶ 15 (citation omitted). "In determining whether [the defendant] presented seemingly substantial complaints about the effectiveness of his counsel, the District Court should . . . inquire . . . into the complaints and ma[k]e some sort of a critical analysis at the time the motion [i]s filed." *State v. Finley*, 276 Mont.126, 143, 915 P.2d 208, 219 (citation omitted), *overruled on other grounds by State v. Gallagher*, 2001 MT 39, ¶ 21, 304 Mont. 215, ¶ 21, 19 P.3d 817, ¶ 21 (*Gallagher II*).

¶23 In the present case, the District Court's initial inquiry included a hearing at which the court heard Kellames' lengthy oral explanation of his complaints about both the YCPDO and David Duke. Kellames complained that his YCPDO counsel failed to follow up on his request to seek DNA evidence concerning the crimes with which he was charged; refused to file a motion to withdraw his guilty plea; and interrogated and harassed his mother. He also asserted Duke failed to investigate the charges. The court then allowed Duke to make a statement in response to Kellames' complaints. The court later issued a written order analyzing the complaints and determining they focused primarily on Kellames' YCPDO

8

counsel and, in any event, were not seemingly substantial. On that basis, the court denied Kellames' motion for new counsel.

¶24 On appeal, Kellames contends his YCPDO attorneys made a number of promises in connection with the plea agreement, including that they would present a full case at sentencing showing that he was not guilty of the charges that were dropped and that they would represent him before the parole board. While he complains about their failure to follow through on those promises, that complaint is not relevant here for at least three reasons: (1) no such promises are contained in the written plea agreement which states Kellames has been given no other promises in exchange for his guilty plea; (2) Kellames had a new attorney--not the attorney who made the alleged promises--for his sentencing hearing; and (3) a sentencing hearing after the entry of a guilty plea is not an appropriate occasion on which to make a "full case" concerning one's innocence on charges which have been dismissed.

¶25 Kellames also contends the District Court should have held a second hearing on his claim that Duke's appointment was improperly restricted to sentencing matters only, thereby restricting Duke's ability to effectively represent him. This claim is disproved by the record. The court's minute entry regarding the substitution of Duke for Kellames' YCPDO counsel includes no restrictions on the scope of Duke's appointment. Moreover, Duke filed the motion to withdraw Kellames' guilty plea, and once the District Court denied that motion, only the sentencing hearing remained.

9

¶26 Finally, Kellames points out Duke did not include in the motion to withdraw his guilty plea any argument that Kellames suffered from a mental disorder. Again, Kellames has offered nothing to suggest that his ability and competence to enter a voluntary plea were in any manner affected by the bipolar disorder from which he claims to suffer.

¶27 This Court has deemed initial inquiries into allegations of ineffective assistance of counsel adequate where the district court considered the defendant's factual complaints together with counsel's explanations addressing those complaints. *See, e.g., State v. Craig* (1995), 274 Mont. 140, 906 P.2d 683; *State v. Morrison* (1993), 257 Mont. 282, 848 P.2d 514, *overruled on other grounds by Gallagher II*, ¶ 21. The District Court did so here. After reviewing the record, we hold the District Court did not err in determining Kellames' complaints about his counsel were not seemingly substantial.

¶28 Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

10