No. 03-227

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 312N

D. WAYNE KELLAMES,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, Cause No. DV 2002-734
The Honorable Russell C. Fagg,  Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

           D. Wayne Kellames, Deer Lodge, Montana (*pro se*)

        For Respondent:

           Honorable Mike McGrath, Montana Attorney General, Micheal S. Wellenstein, Assistant Montana Attorney General, Helena, Montana; Dennis Paxinos, Yellowstone County Attorney, Ira Eakin, Deputy Yellowstone County Attorney, Billings, Montana

Submitted on Briefs:  October 23, 2003

Decided:  November 13, 2003

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2      D. Wayne Kellames (Kellames)  was sentenced to forty years at Montana State Prison after pleading guilty to Felony Robbery.  He appealed his conviction to this Court. We affirmed it.  He subsequently filed a Petition for Postconviction Relief with the District Court.  The District Court denied the Petition.  Appearing *pro se*, he appeals from the Order on Petition for Postconviction Relief entered by the Thirteenth Judicial District Court, Yellowstone County.  We affirm.

¶3     Kellames claims that the District Court erred in denying his Petition for Postconviction Relief for the following reasons:

   a.     He was denied effective assistance of counsel.

   b.     He was denied due process of the law under Article II, § 17 of the Montana Constitution.

   c.     His conviction was obtained by use of coerced confession.

¶4     We have determined to decide this case pursuant to our Order dated February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  The standard of review of a trial court's denial of a petition for

postconviction relief is whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Hope v. State*, 2003 MT 191, ¶ 13, 316 Mont. 497, ¶ 13, 74 P.3d 1039, ¶ 13.

¶5 Kellames presented arguments that his attorneys provided ineffective assistance. As observed by the District Court in its Order, the majority of those arguments were presented previously to this Court and rejected on direct appeal. *State v. Kellames*, 2002 MT 41, 308 Mont. 347, 43 P.3d 293. These issues cannot be reviewed in postconviction relief, barring the presentation of new evidence. *Beach v. Day* (1996), 275 Mont. 370, 913 P.2d 622. No new evidence was presented.

¶6 The District Court carefully considered the three additional "ineffective assistance" arguments Kellames presented that he had not previously appealed. The court then concluded that these arguments should have been brought on direct appeal, were unsupported by the evidence, or would not pass the traditional test used to determine ineffective assistance of counsel as set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. We agree with this conclusion.

¶7 Kellames' due process claim must fail for similar reasons. Kellames claims his due process rights were violated because no hearing was held after he filed a motion for appointment of new counsel. The record does not support this claim. A hearing was held and the District Court concluded that Kellames' complaints were not seemingly substantial. We affirmed this conclusion on direct appeal and, therefore, it may not be reconsidered under a postconviction petition.

3

¶8    Lastly, as correctly determined by the District Court, Kellames' argument that his confession was coerced has already been before this Court on direct appeal and will not be reconsidered on a postconviction petition.

## CONCLUSION

¶9    Accordingly, we affirm the judgment of the District Court.


/S/ PATRICIA COTTER

We Concur:

/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER