ORIGINAL

FILED

01/17/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0753

## IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0753, OP 23-0007, OP 23-0027

CHRISTOPHER L. HUGHES-CANAL,

    Petitioner,

v.

SGT. BRAGG, Lewis and Clark County
Detention Center,

    Respondent.

FILED

JAN 17 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Christopher L. Hughes-Canal has filed three recent petitions for a writ of habeas corpus. We have consolidated the petitions in this order, and amend the caption to indicate the facility where Hughes-Canal is restrained. Section 46-22-201(1)(c), MCA.

Hughes-Canal raises issues concerning his pending criminal proceedings in the First Judicial District Court, Lewis and Clark County. He initially contends the Department of Corrections incorrectly calculated his prior five-year sentence and that his incarceration is illegal because he should have discharged that sentence, imposed on June 28, 2017, on January 28, 2022. Secondly, he contends he was charged on August 22, 2021, with partner or family member assault (PFMA), illegally. He argues "[t]here was no preliminary hearing held to verify there was sufficient evidence to file it in district [court][.]" Lastly, Hughes-Canal argues his bail of $50,000 is excessive for "non-violent" PFMA, and adds he has "no history of absconding and no probable reason for such a high bond."

We requested and reviewed the District Court's register of actions for these cases. The State charged Hughes-Canal in 2016 with PFMA, 4th offense. An Amended Judgment and Commitment, filed July 27, 2017, convicted Hughes-Canal of PFMA, 3rd offense. While Hughes-Canal is correct he received a five-year sentence with three years suspended on June 28, 2017, the State filed a petition to revoke his suspended sentence on August 27, 2021. The District Court issued an arrest warrant, and Hughes-Canal appeared on

September 14, 2021. The court held an admit/deny hearing in October 2021, and the court continued the evidentiary hearing, on unopposed motions, until December 21, 2022.

In his other case, the State charged Hughes-Canal with PFMA, 2nd offense, in September 2021. The court held an arraignment for the offense on September 14, 2021. In November 2022, the court issued an arrest warrant on the State's motion to revoke order of release and redetermine bail. The court set bond at $50,000, after Hughes-Canal was served with the arrest warrant. The court also held a bail modification hearing on November 28, 2022, and set a hearing on Hughes-Canal's request for a new attorney. The court held a *Gallagher* hearing[1] in all cases on January 5, 2023.

Hughes-Canal is not entitled to relief with this Court. He was serving a suspended sentence when he was arrested in August 2021, and no error exists with his sentence calculation. He did not discharge his five-year sentence. In his second matter, the State sought leave to charge Hughes-Canal with PFMA, which the District Court granted based on the evidence presented. This Court will not consider the alleged victim's statement as evidence for Hughes-Canal's argument of an illegal charge of PFMA. Lastly, we conclude Hughes-Canal has not demonstrated his bail is excessive. A district court has the discretion to grant or deny release and bail as well to set conditions. *Grafft v. Mont. Fourth Judicial Dist. Ct.*, 2021 MT 201, ¶ 11, 405 Mont. 192, 492 P.3d 1213. Hughes-Canal's bail was imposed after the court revoked his initial release, and the court has entertained a motion for bail modification. We note that a 3rd offense of PFMA is classified as a violent offense. Section 46-23-502 (13)(a), MCA.

Hughes-Canal has not demonstrated illegal incarceration or detention. Section 46-22-101(1), MCA. He is not entitled to release or dismissal of charges. He has counsel to represent him and to address his concerns in his underlying proceedings, and he should refrain from filing pleadings on his own behalf with this Court when he is represented by counsel. M. R. App. P. 10(1)(c); *State v. Samples*, 2005 MT 210, ¶ 15, 328 Mont. 242, 119

---

[1] *See State v. Gallagher*, 1998 MT 70, 288 Mont. 180, 955 P.2d 1371 (the court holds a hearing concerning the defendant's complaints about counsel).

P.3d 1191. He has the remedy of appealing any conviction and sentence to this Court after the District Court issues final judgments. Accordingly,

IT IS ORDERED that Hughes-Canal's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to: the Honorable Michael F. McMahon, District Court Judge; Angie Sparks, Clerk of District Court, Lewis and Clark County, under Cause Nos. BDC-2016-459 and BDC-2021-415; Fallon Stanton, County Attorney's Office; Steven Scott, Defense Counsel; counsel of record, and Christopher L. Hughes-Canal personally.

DATED this 17ᵗʰ day of January, 2023.

Justices