ORIGINAL

FILED

03/21/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0163

## IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0163

DAVID CAVES,

Petitioner,

v.

FIRST JUDICIAL DISTRICT COURT,
HONORABLE KATHY SEELEY,

Respondent.

O R D E R

FILED

MAR 2 1 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Utilizing this Court's form for a petition for writ of habeas corpus, self-represented Petitioner David Caves has filed a Petition for Writ of Supervisory Control. Caves is currently held in the Lewis and Clark County Detention Center. We amend the caption to indicate the District Court. M. R. App. P. 14(6).

Caves requests that this Court assign him new counsel. Caves states that after his July 2022 arrest, he was assigned a public defender. He further states that he "did not want to discuss a plea bargain." Caves explains that he filed two motions in the District Court for a *Gallagher* hearing,[1] seeking a new attorney, and that no hearing was held. Caves includes attachments, such as a February 24, 2023 letter from the Office of Montana State Public Defender that informed Caves to work through his attorney "to request a hearing be set for this purpose."

Supervisory control may be appropriate on a case-by-case basis. "This extraordinary remedy can be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate." *State v. Spady*, 2015 MT 218, ¶ 11, 380 Mont. 179, 354 P.3d 590 (citing M. R. App. P. 14(3); *Redding v. McCarter*, 2012 MT 144, ¶ 17, 365 Mont. 316, 281 P.3d 189). "The case must meet one

---

[1] *State v. Gallagher*, 1998 MT 70, 288 Mont. 180, 955 P.2d 1371.

of three additional criteria: (a) [T]he other court is proceeding under a mistake of law and is causing a gross injustice; (b) [C]onstitutional issues of state-wide importance are involved; or (c) [T]he other court has granted or denied a motion for substitution of a judge in a criminal case." *Spady*, ¶ 11 (quoting M. R. App. P. 14(3)(a)-(c)).

This Court observes that Caves did not serve a copy of his Petition upon the District Court, as required by the Montana Rules of Appellate Procedure. M. R. App. P. 14(6). Caves only served the Attorney General. We conclude that Caves is not entitled to supervisory control.

According to the recent register of actions, it appears that Caves's counsel emailed a document titled, Motion for Hearing to Request Different Attorney, filed on March 13, 2023. Caves's remedy is with the District Court and not this Court. The District Court is not proceeding upon a mistake of law causing a gross injustice. M. R. App. P. 14(3). There is no existence of urgency or emergency factors. *Spady*, ¶ 11. Caves retains the remedy of a direct appeal for which the entire record would be available to this Court. M. R. App. P. 4(1)(a), 4(5)(b)(i), and 6(2).

We caution Caves to refrain from filing pleadings with this Court while he is represented by counsel in the District Court. M. R. App. P. 10(1)(c). Accordingly,

IT IS ORDERED that Caves's Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to: the Honorable Kathy Seeley, First Judicial District Court, along with a copy of Caves's Petition; Angie Sparks, Clerk of District Court, Lewis and Clark County, under Cause No. CDC-2022-0328; counsel of record; Mary Barry, Lewis and Clark Deputy County Attorney; Bridgett Erickson, Defense Counsel; and to David Caves personally.

DATED this 21st day of March, 2023.

_____

2

_____

_____

_____

_____
Justices