No. 03-517

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 210

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

STEPHEN MICHAEL SAMPLES,

        Defendant  and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 02–590
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Kristina Guest, Assistant Appellate Defender, Helena, Montana

      For Respondent:

        Hon. Mike McGrath, Attorney General; Pamela P. Collins,
Assistant Attorney General, Helena, Montana

        Dennis Paxinos, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs:  July 12, 2005

Decided:   August 24, 2005

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Stephen Michael Samples (Samples) appeals from the judgment entered by the Thirteenth Judicial District Court, Yellowstone County, on his conviction for the felony offense of failure to register as a sexual offender. We remand.

¶2    Samples raises numerous issues on appeal, including whether the District Court erred in refusing to consider all of the arguments he raised in his *pro se* petition challenging the constitutionality of Montana's Sexual or Violent Offender Registration Act.

¶3    Samples' other issues seek our appellate review of the constitutional issue addressed by the District Court and our *de novo* determination of the constitutional challenges not addressed by that court. Because we remand on the stated issue, we decline to address Samples' other issues at this time.

## BACKGROUND

¶4    In August of 2002, the State of Montana (State) charged Samples by information with the felony offense of failure to register as a sexual offender based on the allegation that, although Samples had registered as a sexual offender, he failed to inform authorities that he had changed his residence. The State also filed notice of its intent to have Samples designated a persistent felony offender. In November of 2002, the District Court held a status hearing in the matter at which Samples appeared with his court-appointed public defender.

¶5     At the hearing, Samples' counsel informed the court that Samples wished to file a motion asserting the failure to register charge constituted an impermissible *ex post facto* application of the Sexual or Violent Offender Registration Act (the Act) found in Title 46, chapter 23, part 5 of the Montana Code Annotated.  Defense counsel further stated that, after researching the issue, he determined the motion would be frivolous and had told Samples he would not file the motion.  Samples insisted that he wished to pursue the issue and the District Court questioned Samples, explaining to him that he could not file *pro se* motions while he was represented by counsel.  The court told him he could choose either to proceed *pro se* in the case in order to file his motion, or continue with appointed counsel and accept his counsel's advice.  Samples again stated he wished to file his motion challenging the Act and would proceed *pro se* if necessary to do so.  The District Court then gave Samples permission to file his *pro se* motion, but stated to defense counsel that he was "still on the case for the time being . . . ."

¶6     Samples subsequently filed a "petition" with the District Court in which he raised a variety of challenges to the constitutionality of the Act, both on its face and as applied, including his *ex post facto* argument.  The District Court denied the petition, substantively discussing and rejecting Samples' *ex post facto* argument.  The court refused to address the remaining constitutional arguments Samples raised in the petition on the basis that the court had allowed him to file a *pro se* motion limited to the *ex post facto* allegations.

¶7     Following the District Court's denial of his petition, Samples entered into a plea agreement with the State in which he agreed to plead guilty to the offense of failure to

register as a sexual offender in exchange for the State's agreement not to seek the persistent felony offender designation and to recommend the District Court impose a specific sentence. The plea agreement also reserved Samples' right to "appeal his previously entered [petition] ruled on by the Court." The District Court accepted Samples' guilty plea, sentenced him in accordance with the plea agreement and entered judgment. Samples appeals.

## STANDARD OF REVIEW

¶8 In essence, Samples' *pro se* petition asserted various constitutional barriers to the State's ability to charge him with failure to register as a sexual offender. In that regard, his petition was akin to a motion to dismiss the charge against him. A district court's ruling on a motion to dismiss is a question of law which we review to determine whether the court's conclusions of law are correct. *State v. Mallak*, 2005 MT 49, ¶ 13, 326 Mont. 165, ¶ 13, 109 P.3d 209, ¶ 13.

## DISCUSSION

¶9 Did the District Court err in refusing to consider all of the arguments Samples raised in his *pro se* petition challenging the constitutionality of the Act?

¶10 As stated above, the District Court refused to address all but one of the constitutional issues raised in Samples' petition on the basis that the court had authorized Samples to file a *pro se* motion limited to an *ex post facto* challenge to the Act. Samples contends the District Court erred in refusing to address the entirety of his petition because he clearly stated at the status hearing that he wished to raise additional constitutional challenges to the Act.

4

¶11 The State urges, as a threshold issue, that Samples waived his right to appeal the court's failure to address the additional claims in his petition when he pleaded guilty. It contends Samples' reservation of his right to appeal in the plea agreement was limited to an appeal of the District Court's ruling on the *ex post facto* argument. Generally, when a criminal defendant enters a guilty plea, he or she waives the right to appeal all nonjurisdictional defects which occurred prior to entry of the plea. *Ellenburg v. Chase*, 2004 MT 66, ¶ 21, 320 Mont. 315, ¶ 21, 87 P.3d 473, ¶ 21. However, a defendant pleading guilty may expressly reserve the right to appeal the adverse determination of any specified pretrial motion. Section 46-12-204(3), MCA.

¶12 Here, the plea agreement between Samples and the State provided that Samples "may appeal his previously entered [petition] ruled on by the Court." In addition, at the sentencing hearing defense counsel requested the District Court to accept the terms of the plea agreement, including that Samples "reserve[s] his issues for appeal that this Court has ruled on in pretrial situations." Later in the hearing, the court stated that Samples "will be allowed, as the State introduced the plea agreement, to appeal the issue that [he] raised on motion and the Court's ruling denying [his] motion." We conclude these statements are phrased in terms sufficiently broad to preserve Samples' right to appeal the entirety of the District Court's ruling on his petition, including the court's refusal to address the majority of the issues he raised in his petition.

¶13 The State also argues that the District Court correctly refused to consider the additional constitutional arguments raised in Samples' petition because the court clearly

5

limited Samples to raising only the *ex post facto* issue when it gave him permission to file a *pro se* motion. We disagree.

¶14 At the status hearing, defense counsel informed the court he refused to file a motion challenging the Act on *ex post facto* grounds as Samples requested. The District Court then had the following discussion with Samples:

> COURT: So apparently, Mr. Samples, your attorney has researched the matter and it is his opinion that such a motion would be frivolous, and as an officer of the Court he declines to file a frivolous motion, and, therefore, I understand you wish to file a motion pro se; is that correct?
>
> SAMPLES: I wish to file a motion, yes.
>
> COURT: You wish to file [a] motion regarding an ex post facto application of the law; is that the motion you wish to file?
>
> SAMPLES: Ex post facto and probably a number of other constitutional violations of the registration act.

The court then discussed with Samples that he could not file a *pro se* motion as long as he was represented by counsel. After Samples stated he was willing to proceed *pro se* so that he could file his motion, the court said "[v]ery well. File your pro se petition." The court then went on to discuss a deadline for when Samples was to file his motion.

¶15 We observe that a district court may refuse to accept *pro se* motions from defendants who are adequately represented by counsel. *See State v. Weaver*, 2001 MT 115, ¶ 24, 305 Mont. 315, ¶ 24, 28 P.3d 451, ¶ 24 (*citing State v. Harvey* (1986), 219 Mont. 402, 409-10, 713 P.2d 517, 522). Here, however, the District Court expressly authorized Samples to file a *pro se* motion challenging the constitutionality of the Act after Samples discussed an *ex*

6

*post facto* challenge to the Act and his intention to raise "probably a number of other constitutional violations of the registration act." As noted above, the District Court could have refused to allow the *pro se* motion. Having authorized it, however, the District Court was obligated to address the constitutional arguments raised. Consequently, we conclude the District Court erred in refusing to consider all of the constitutional challenges to the Act which Samples raised, and we remand this case for the District Court to address the entirety of Samples' "petition."

¶16 Remanded for further proceedings consistent with this opinion.


/S/ KARLA M. GRAY

We concur:

/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS

Justice Jim Rice dissenting.

¶17 The Court cites no authority for its conclusion in ¶ 15 that, once a district court authorizes the filing of a pro se motion by a defendant who is represented by counsel, the district court is then "obligated to address [all] the constitutional arguments raised." Of course, there is no authority for such a proposition. The District Court's granting of an opportunity for Samples to file his petition was completely optional, an act of grace. It was bestowed based on the District Court's understanding that Samples wanted to raise an *ex post*

8

*facto* argument. The fact that Samples stated that he had other possible issues does not turn the matter into one of right and obligation. The District Court considered and ruled upon Samples' *ex post facto* argument, and, in so doing, fulfilled its understanding of the procedural deviation it had courteously granted to Samples. As a matter of grace, the District Court was obligated to do nothing more.

¶18    I would affirm.


/S/ JIM RICE