ORIGINAL

FILED

06/09/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0297

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0297

FILED

JUN 09 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

TRAVIS LEE OWENS,

Petitioner,

v.

LYNN GUYER, Warden, Montana State Prison,
and LEO DUTTON, Sheriff, Lewis and Clark
County Detention Center,

Respondents.

ORDER

Travis Lee Owens petitions this Court for habeas corpus relief, asserting that his incarceration is illegal because he was not promptly brought before the Board of Pardons and Parole (Board) pursuant to § 46-23-1025, MCA. Owens requests that his parole hold be removed. When Owens filed his petition, he was housed in the Lewis and Clark County Detention Center. We amend the caption to include the Sheriff's name. Section 46-22-201(1)(c), MCA.

Owens explains that on February 24, 2020, he was arrested and charged with two felonies in Lewis and Clark County. After his arrest, the court set bail at $20,000 and a parole hold was placed on him. He states that he was released on his own recognizance after his arraignment. He further states that he notified the Board of his release and requested to appear via videoconference on his prior sentence pursuant to § 46-23-1025(2), MCA. Owens adds that no appearance has occurred. Owens notes that he has served 40 months of his initial 60-month sentence and, if the parole hold were lifted, he "could be working and on supervision." Owens seeks his immediate release to his parole status.

We secured a copy of the Lewis and Clark County District Court's docket sheet for his recent criminal charges. The State of Montana charged Owens in March of this year with two counts of partner or family member assault (PFMA) and strangulation of partner or family member. In April, his charges were amended to felony strangulation and misdemeanor PFMA. Owens has counsel to represent him in that case. The District Court approved his release on recognizance "in this case only" on April 23, 2020.

Owens is not entitled to immediate release to his former status. Owens's complaints overlook the impact of his new charges. Section 46-23-1024(1)(b), MCA, states: "After the arrest of the parolee, an initial hearing must be held unless[,] . . . the parolee has been charged in any court with a violation of the law[.]" Owens now faces new charges in another court. As provided in § 46-23-1024(1)(b), MCA, Owens is not entitled to an initial appearance before the Board. And, pursuant to § 46-23-1024(6), MCA, the statutes regarding "release on bail of a person charged with a crime are not applicable to a parolee ordered to be held in a county detention center or other facility under this section." Owens's petition includes an e-mail from a Helena Regional Probation Officer indicating that Owens will remain in custody on the parole hold pending transfer to the Prison, delayed by the Governor's order putting a hold on transfers between facilities due to the ongoing pandemic.

Owens has not demonstrated illegal incarceration. Section 46-22-101(1), MCA; *Lott v. State*, 2006 MT 279, ¶ 9, 334 Mont. 270, 150 P.3d 337. The law does not entitle Owens to release until the Board considers his circumstances in light of the new offense with which he has been charged. Finally, we caution Owens that while represented by counsel, he should refrain from filing petitions as a self-represented litigant with this Court. *State v. Samples*, 2005 MT 210, ¶ 15, 328 Mont. 242, 119 P.3d 1191.

IT IS THEREFORE ORDERED that Owens's Petition for a Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record; to Sheriff Leo Dutton, Lewis and Clark County Detention Center; to Daniel Baris, Lewis and

Clark County Attorney's Office; to Steven Scott, Defense Counsel; and to Travis Lee Owens personally.

DATED this 9th day of June, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices