

FILED

09/01/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0414

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0414

AMANDA RAE PARRISH,

Petitioner,

v.

CAPTAIN RAUSER, Broadwater County
Detention Center,

Respondent.

FILED

SEP 01 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Representing herself, Amanda Rae Parrish petitions for a writ of habeas corpus, seeking relief from her detention on alleged parole violations. Parrish contends that her bail is excessive and that her incarceration is illegal. She explains that she was arrested for three violations and detained in the Butte-Silver Bow County and later transferred to the Broadwater County Detention Center on a theft charge.[1] She contends that she has had no hearings, interventions, or sanctions as required by §§ 46-23-1023 through 46-23-1025, MCA, and includes several copies of grievances filed while detained and Warrants to Arrest Parolee.

"When a person is imprisoned or detained in custody on any criminal charge for want of bail, the person is entitled to a writ of habeas corpus for the purpose of giving bail upon averring that fact in the person's petition, without alleging that the person is illegally confined." Section 46-22-103, MCA. Section 46-23-1024(6), MCA, states that "[t]he provisions of Title 46, chapter 9, regarding release on bail of a person charged with a crime are not applicable to a parolee ordered to be held in a county detention center or other facility under this section."

---

[1] In her Petition, Parrish provides the address of the Broadwater County Detention Center, even though her caption has Butte-Silver Bow County Detention Center listed. Captain Rauser is an employee of the Broadwater County Detention Center, and we amend the caption to comport with the statute concerning physical restraint or incarceration. Section 22-46-201(1)(c), MCA.

Section 46-23-1024(6), MCA, makes clear that Parrish is not entitled to bond because she is a parolee being held on warrants for allegedly violating the conditions of her parole. Parrish thus is not entitled to immediate release or to habeas corpus relief. Section 46-23-1024(1)(b), MCA, states: "After the arrest of the parolee, an initial hearing must be held unless . . . the parolee has been charged in any court with a violation of the law[.]" Parrish acknowledges that she has a new offense pending in another court. Parrish is not entitled to a prompt appearance before the Board. *See* § 46-24-1024(6), MCA. Parrish must remain in custody until her transfer to prison.

Parrish has not demonstrated illegal incarceration. Section 46-22-101(1), MCA; *Lott v. State*, 2006 MT 279, ¶ 9, 334 Mont. 270, 150 P.3d 337. Finally, Parrish acknowledges that she is represented by counsel on the new charge. As such, she should refrain from filing petitions on her own behalf with this Court. *State v. Samples*, 2005 MT 210, ¶ 15, 328 Mont. 242, 119 P.3d 1191.

IT IS THEREFORE ORDERED that Parrish's Petition for a Writ of Habeas Corpus is DENIED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to Captain Rauser, Broadwater County Detention Center; to Kevin E. Vainio; to counsel of record, and to Amanda Rae Parrish personally.

DATED this 1st day of September, 2020.

Justices