

**FILED**

11/10/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0527

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0527

LARRY WHITE,

    Petitioner,

v.

MARK JOHNSON, BSB
DETENTION CENTER,

    Respondent.

**FILED**

NOV 1 0 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Larry White contends that his incarceration is illegal. In his recently filed Petition for a Writ of Habeas Corpus, White states that he is being held without a bond, which he alleges is illegal under the United States Constitution. He requests his release from the Butte Silver Bow Detention Center.

White explains his present predicament. He states that he missed a pre-trial conference on May 27, 2020, and that "the court issued a warrant . . . ." White was arrested, brought to the Detention Center, and then appeared before the court to be advised of his rights. He puts forth that "bond was not set" and that he has been held for 121 days. White attaches a copy of the court's Bench Warrant.

This Bench Warrant undercuts White's argument about the lack of bond or bail in his pending criminal case. On May 29, 2020, the Second Judicial District Court, Silver Bow County, issued a Bench Warrant because White failed to appear for a final pre-trial conference when all counsel were present. The District Court determined that his failure to appear before the court was a violation of his release conditions. The court ordered that White "shall be held without bond pending further proceedings in this matter."

White had been released prior to his arrest for failure to appear. *See* §§ 46-9-102 and 46-9-106(1), MCA. As the court pointed out, White failed to adhere to the conditions of release and imposed a no bond hold in the Bench Warrant. This hold does not make

White's incarceration illegal. Sections 46-9-311 and 46-6-214(6), MCA. White is not "detained in custody on any criminal charge for want of bail[.]" Section 46-22-103, MCA. White is not incarcerated illegally, and he is not entitled to release after he failed to comply with his previous release conditions.

We observe that White filed a *pro se* petition with this Court. Only counsel should file motions and papers with the Courts on White's behalf. M. R. App. P. 10(1)(c). Courts may properly refuse to accept pro se pleadings from defendants who are adequately represented by counsel. *State v. Samples*, 2005 MT 210, ¶ 15, 328 Mont. 242, 119 P.3d 1191. Accordingly,

IT IS ORDERED that White's Petition for a Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to Kelly Fivey, County Attorney; to Walter Hennessey, Attorney for Defendant; to counsel of record; to Captain Marc Johnson; and to Larry White personally.

DATED this 10 day of November, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices