FILED

12/08/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0564

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0564

BUDDY DON VALENTINE,

Petitioner,

v.

BRIAN GOOTKIN,

Respondent.



FILED

DEC 08 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Buddy Don Valentine has filed a Petition for a Writ of Habeas Corpus, indicating that he is being held in jail and that his bail is excessive. Valentine is currently incarcerated in the Gallatin County Detention Center.

Section 46-22-103, MCA, provides:

> When a person is imprisoned or detained in custody on any criminal charge for want of bail, the person is entitled to a writ of habeas corpus for the purpose of giving bail upon averring that fact in the person's petition, without alleging that the person is illegally confined.

In his Petition, Valentine pleads for his release and provides the backstory of his present predicament. He explains that he was arrested on charges of burglary, stalking, theft, and violation of a protective order on August 4, 2020. He states that his bail was set then at $50,000 cash. Valentine further states that his trial is scheduled for February 2021 and that he will have more than 191 days as a pre-trial detainee. He requests his release because he needs to work to pay for child support. He contends that he has requested a psychological evaluation and release on his own recognizance. Valentine provides that he suffers from stress and anxiety while in detention along with not understanding the "goings-on" in his case.

While it is true that Valentine is incarcerated on a bailable offense, he has the burden in this habeas corpus proceeding to convince this Court that the writ should be issued. This burden includes presenting to this Court a sufficient record "to make a prima facie showing that the order of the District Court constituted a violation, deprivation, infringement, or denial of his constitutional, statutory, or legal rights." *Miller v. State*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186 (citing *Petition of Dyer*, 154, Mont. 499, 500, 463 P.2d 895, 896 (1969); *Petition of Tooker*, 148 Mont. 69, 73, 417 P.2d 87, 89 (1966)). *See also In re Hart*, 178 Mont. 235, 249-50, 583 P.2d 411, 418-19 (1978). Valentine has not met his burden.

We contacted the Carbon County District Court and secured a copy of the court's case register report. The District Court issued an arrest warrant on August 4, 2020, and a release order with a bond of $50,000 was signed and filed on September 10, 2020. On his own behalf, it appears that Valentine filed a Motion for Compassionate Release/Furlough or in the Alternative a Motion for Bail Reduction Hearing. The court did not hold a hearing. Upon review of Valentine's attachments, he explains that he has had "only one bond reduction hearing" and that he was represented by a different attorney "who made no adversarial argument on my behalf against the prosecutor's objections to my release."

Valentine is not entitled to release. He has not presented this Court with a sufficient record or a showing that the District Court violated any of his rights. We observe that Valentine has counsel to represent him in his criminal case. Valentine should refrain from filing a *pro se* petition with this Court. Only counsel should file motions and papers with the Courts on Valentine's behalf. M. R. App. P. 10(1)(c). Courts may properly refuse to accept *pro se* pleadings from defendants who are adequately represented by counsel. *State v. Samples*, 2005 MT 210, ¶ 15, 328 Mont. 242, 119 P.3d 1191.

Valentine has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Therefore,

IT IS ORDERED that Valentine's Petition for a Writ of Habeas Corpus is DENIED.

2

The Clerk is directed to provide a copy of this Order to Michael Ellinghouse, Deputy County Attorney; to Gregory E. Paskell, Attorney for Defendant; to counsel of record; to Sheriff Gootkin, and to Buddy Don Valentine personally.

DATED this 8th day of December, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

3