

FILED

01/26/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0026

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0026

JAMES CHILDS,

Petitioner,

v.

PAT ROOS, Undersheriff,
Custer County Jail,

Respondent.

FILED

JAN 2 6 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Representing himself, James Childs has filed a Petition for a Writ of Habeas Corpus, indicating that he is being held in the Custer County Jail and that his bail is excessive. Childs states that he "was not represented correctly by [his] public defender on a 'bond reduction' on 12-22-20[.]" He states that his bond remains $25,000 and requests a "fair shot at bond reduction . . . ." Childs contends that the prosecuting attorney's statements were in error and malicious because he has qualified for bond before on a criminal case which was later dismissed.

Section 46-22-103, MCA, provides:

> When a person is imprisoned or detained in custody on any criminal charge for want of bail, the person is entitled to a writ of habeas corpus for the purpose of giving bail upon averring that fact in the person's petition, without alleging that the person is illegally confined.

We secured copies of the case register reports from the Custer County District Court. In March 2019, the State charged Childs with misdemeanor criminal possession of dangerous drugs and misdemeanor criminal possession of drug paraphernalia. In August 2019, the District Court released Childs with conditions and monitoring. The court issued a bench warrant for Childs's arrest the next month. The court dismissed the charges in November 2019. In October 2020, the District Court granted the State leave to file its

Information charging Childs with felony burglary and felony theft. Childs was arrested on November 18, 2020, and the bond was $25,000. The court appointed Childs counsel on November 23, 2020. A pre-trial risk assessment, pursuant to § 46-9-109(2), MCA, was filed on December 3, 2020. We also secured a copy of the December 22, 2020 minute entry.

Childs had a "fair shot at bond reduction." On December 22, 2020, the court held a hearing and considered the motion for bail reduction. The State opposed Childs's motion for release on his own recognizance because of the concerns about his previous convictions, his history of noncompliance, and missing cash taken from the victim. The court determined that Childs was not entitled to release and denied the motion, noting Childs's history of failure to appear, drug history, lack of employment, and non-compliance among other concerns. *See* § 46-9-109(2)(a), (b), MCA.

We conclude that Childs is not entitled to release either. Childs remains incarcerated while his criminal case is proceeding in the District Court. Childs is not "detained in custody on any criminal charge for want of bail[.]" Section 46-22-103, MCA.

We further observe that Childs filed a *pro se* petition with this Court. Only counsel should file motions and papers with the Courts on White's behalf. M. R. App. P. 10(1)(c). Courts may properly refuse to accept pro se pleadings from defendants who are adequately represented by counsel. *State v. Samples*, 2005 MT 210, ¶ 15, 328 Mont. 242, 119 P.3d 1191. Accordingly,

IT IS ORDERED that Childs's Petition for a Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to Hazel Parker, Clerk of District Court, Custer County; to Wyatt Glade, Custer County Attorney; to Kathy Coleman, Attorney for Defendant; to counsel of record, and to James Childs personally.

DATED this 26 day of January, 2021.

_____
Chief Justice

2

Justices