

FILED

03/16/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0102

# IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0102

FILED

MAR 1 6 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

WILLIAM A. MERRICK,

Petitioner,

v.

CAPTAIN N. RAUSER,

Respondent.

ORDER

William A. Merrick petitions this Court for habeas corpus relief, contending that he should be released pursuant to the December 11, 2020 Order issued in the First Judicial District Court, Broadwater County. Merrick is currently held in the Broadwater County Detention Center.

In his Petition, Merrick indicates his incarceration is illegal. He states the Broadwater County District Court Judge released him on his own recognizance. He points out the Probation and Parole Office is "holding [him] in custody in [lieu] of a conviction of a crime." He raises due process concerns and asks why the Probation and Parole Office is not complying with the District Court's Order.

Merrick provides a copy of the District Court's Order. Upon review, we conclude Merrick is incorrect in his claims. The court released him on his own recognizance, directing the Sheriff to release Merrick from custody, subject to three specific conditions and included handwritten notes:

> ⊗ Defendant was released O.R. upon conditions set forth below.
> ⊗ All previously imposed conditions of release remain in full force and effect.
> ⊗ Report to Probation and Parole.

Handwritten next to report to Probation and Parole are the words: *"within 24 hours of release. \*P & P must approve residence before Mr. Merrick is released from BWC Detention Center."* Also noted in this Order is *"sign waiver of extradition . . ."* before release to occur. In Merrick's other attachment, the Probation and Parole Office informed Merrick on December 21, 2020, his request for release was denied and he would go to trial for his pending charges at some point this year.

Merrick was to be released contingent upon certain conditions, namely he has to have a residence. We point out the Probation and Parole Office is complying with the District Court's Order. Merrick's handwritten condition for release has not been met—he has no residence for approval or the Probation and Parole Office has not approved his residence. Merrick has had the process he is due by appearing in court, receiving an order of release, and remaining in custody because all conditions have not been met. The District Court retains the authority and discretion to release defendants upon their own recognizance with certain conditions. Sections 46-9-106(1) and 46-9-108(1)(b), MCA. This Court cannot order his release because he is not entitled to it.

We observe Merrick has counsel to represent him in his criminal case. Merrick should refrain from filing a *pro se* petition with this Court. Only counsel should file motions and papers with the Courts on Merrick's behalf. M. R. App. P. 10(1)(c). Courts may properly refuse to accept *pro se* pleadings from defendants who are adequately represented by counsel. *State v. Samples*, 2005 MT 210, ¶ 15, 328 Mont. 242, 119 P.3d 1191.

We conclude Merrick is not incarcerated illegally. Section 46-22-101(1), MCA. Merrick has not presented this Court with a sufficient record or a showing the District Court violated any of his rights. He has not demonstrated he is entitled to habeas corpus relief or his release. Therefore,

IT IS ORDERED that Merrick's Petition for a Writ of Habeas Corpus is DENIED.

2

The Clerk is directed to provide a copy of this Order to Valerie Hornsveld, Clerk of District Court, Broadwater County, under Cause No. CDC 2020-57; to Cory Swanson, Broadwater County Attorney; to Qasim Walid Abdul-Baki, Defense Counsel; to counsel of record; and to William A. Merrick personally.

DATED this 16ᵗʰ day of March, 2021.

Chief Justice

Justices