ORIGINAL

FILED

01/17/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0752

## IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0752

CHEYENNE RAE DAWN PETERSEN,

Petitioner,

v.

SGT. BRADLEY BRAGG, Lewis &
Clark County Detention Center,

Respondent.

FILED

JAN 17 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

---

Cheyenne Rae Dawn Petersen has filed a Petition for Writ of Habeas Corpus, asserting that her bail of $550,000 is excessive because "no one in [her] family could possibly cover that amount with cash or [collateral]." She also raises a secondary issue of unequal treatment of women incarcerated in the Lewis and Clark County Detention Center, alleging "[t]here's no woman/female trustee pod and there's no 'good' girl pod." Petersen requests her immediate release.

We secured the register of actions for Petersen's current criminal cases. In October 2021, the Lewis and Clark County District Court revoked her sentence because of the admitted allegations in the Report of Violations and committed Petersen to the Department of Corrections (DOC) for a suspended, three-year term. In October 2022, the State filed a second petition to revoke. The State also charged Petersen in a separate proceeding with two counts of deliberate homicide and obstructing a peace officer or other public servant. The total bond for the two cases is $550,000.

We conclude that Petersen has not established a claim for relief with this Court. A trial court may impose conditions for a defendant's pretrial release that will reasonably ensure the accused's appearance and the safety of the community. Sections 46-9-106(1), 108(1), MCA. In determining whether the defendant should be released or detained, the

court considers a range of factors, including "the nature and circumstances of the offense charged[.]" Section 46-9-109(2)(a), MCA. This Court has determined that a district court has the discretion to grant or deny release and bail as well to set conditions. *Grafft v. Mont. Fourth Judicial Dist. Ct.*, 2021 MT 201, ¶ 11, 405 Mont. 192, 492 P.3d 1213. It appears from the register of actions that the Justice Court initially set the bail and bond conditions in Petersen's case. She is represented by counsel, who may move for a bail reduction hearing in the District Court if warranted.

Regarding Petersen's second claim, this Court cannot address the conditions of a person's confinement—such as the detention center's alleged differential treatment of men and women—in a habeas corpus proceeding, which concerns the cause of a person's imprisonment or restraint. *Gates v. Missoula Cnty. Comm'rs*, 235 Mont. 261, 262, 766 P.2d 884, 884-85 (1988).

Petersen has not demonstrated illegal incarceration or detention. Section 46-22-101(1), MCA. She is not entitled to release. Petersen should refrain from filing pleadings on her own behalf with this Court when she is represented by counsel. M. R. App. P. 10(1)(c); *State v. Samples*, 2005 MT 210, ¶ 15, 328 Mont. 242, 119 P.3d 1191.

IT IS THEREFORE ORDERED that Petersen's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to: the Honorable Michael F. McMahon, District Court Judge; Angie Sparks, Clerk of District Court, Lewis and Clark County, under Cause Nos. BDC-2020-411 and BDC-2022-502; Kevin Downs and Joshua Nemeth, County Attorney's Office; Benjamin M. Darrow, Defense Counsel; counsel of record, and Cheyenne Rae Dawn Petersen personally.

DATED this 17ᵗʰ day of January, 2023.

Chief Justice

2

_____

_____

_____

_____
Justices

3