: ORIGINAL


FILED

05/07/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0249

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0249

EIFFREE ARRIETA,

Petitioner,

v.

CAPTAIN HASH, MISSOULA COUNTY
DETENTION FACILITY,

Respondent.

ORDER

FILED

MAY - 7 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

On his own behalf, Eiffree Arrieta has filed a Petition for Writ of Habeas Corpus, indicating illegal incarceration. He explains, mostly in Spanish, that he was arrested on August 25, 2023, in Missoula, for assault with a weapon. He adds that he only speaks Spanish as he is from Venezuela and that he has requested a translator for his proper defense. Arrieta raises issues about discovery, speedy trial, and impaired communication with his lawyer. His requested relief is written in English, asking this Court to "order a translator [to] be assigned to the Petitioner" and to "order the lower court to hold a fast and speedy hearing." He further requests a *Gallagher* hearing.[1]

We requested and reviewed the register of actions for Arrieta's pending case. On August 30, 2023, the State filed its Information with leave of the Missoula County District Court. Counsel was assigned within the next eight days, and the court has held several hearings over the last several months.

Arrieta's remedy is with the District Court and not this Court. The District Court will appoint an interpreter, if necessary. *See* Mont. Jud. Branch Policy 890, *Court Interpretation Services.*

The cause of Arrieta's incarceration is his pending criminal case. His requests for relief cannot be remedied by his Petition because the requests do not go to the cause of his

---

[1] *State v. Gallagher*, 1998 MT 70, 288 Mont. 180, 955 P.2d 1371.

incarceration. *Gates v. Missoula Cty. Comm'rs*, 235 Mont. 261, 262 766 P.2d 884, 884-85 (1988). He has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. If the District Court enters a final judgment that is adverse to Arrieta, he may seek an appeal with this Court, at which time the entire record will be available for review. M. R. App. P. 4(5)(b)(i).

Arrieta should refrain from filing petitions with this Court on his own behalf when he is represented by counsel in the District Court. M. R. App. P. 10(1)(c); *State v. Samples*, 2005 MT 210, ¶ 15, 328 Mont. 242, 119 P.3d 1191.

IT IS THEREFORE ORDERED that Arrieta's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to: the Honorable Jason Marks, District Court Judge; Amy McGhee, Clerk of District Court, under Cause No. DC 2023-518; Buddy Dean, Missoula County Attorney's Office; Cierra Anderson, Missoula OPD, Conflict Office; Captain Hash, MCDF; counsel of record; and Eiffree Arrieta personally, along with a copy of Montana Judicial Branch Policy 890.

DATED this ⟨7⟩ day of May, 2024.

Justices

# Montana Judicial Branch
# Administrative Policies

| Subject: Court Interpretation Services | Policy No.: 890 |
|---|---|
| Authority: Title VI of Civil Rights Act of 1964, U.S.C. §§ 200d; 45 C.F.R. §80; Title 49, chapter 4, part 5, MCA | Number of Pages: 4 |
| Section: Court | Revision Date: November 2019 |
| | Effective Date: July 1, 2010 |

## 1.0 POLICY

It is the policy of the Judicial Branch to provide equal access to justice in the courts by eliminating language barriers for persons with limited English proficiency (LEP) and for persons who are deaf or hard of hearing. An LEP person is an individual who does not speak English as his or her primary language and who has a limited ability to read, write, or understand English.

## 2.0 COURT-APPOINTED INTERPRETERS FOR LEP PERSONS

2.1 The Supreme Court, a District Court, or the Water Court shall appoint a qualified interpreter to provide language assistance to an LEP person who is a party, witness, prospective juror, or juror in any civil or criminal proceeding conducted by the court.

2.2 The court should appoint a locally or regionally based interpreter when appropriate and available to minimize the interpreter's travel time and costs.

2.3 If unable to obtain the services of a locally or regionally based interpreter, the court should contact the Office of Court Administrator (OCA) for assistance in locating services.

## 3.0 VIDEOCONFERENCE AND TELEPHONIC INTERPRETATION ASSISTANCE FOR LEP PERSONS

3.1 The Supreme Court, a District Court, or the Water Court should consider using remote interpretation through the Judicial Video Network for short-term court proceedings (e.g., arraignments) or at any time that a locally or regionally based interpreter is unavailable.

3.2 A court may consider using telephonic or video-based language services to assist an LEP person. The court should contact the OCA for assistance in obtaining these services.

## 4.0 TRANSLATED FORMS AND BROCHURES FOR LEP PERSONS

Forms and brochures shall be translated as needed. Courts with particular needs should contact the OCA.

## 5.0 INFORMING THE PUBLIC OF RIGHT TO INTERPRETATION SERVICES

5.1 Information should be available in prominent places in the courthouse informing LEP persons that they are eligible to receive interpretation services.

5.2 Each court office that interacts with the public should be equipped with "I Speak" cards that can be used to identify and communicate the language in which an LEP person needs assistance. The cards, which are produced by the U.S. Department of Justice, can be downloaded and copied at http://www.lep.gov/ISpeakCards2004.pdf.

## 6.0 COURT-APPOINTED INTERPRETERS FOR PERSONS WHO ARE DEAF OR HARD OF HEARING

6.1 Except as provided in section 7.0, the Supreme Court, a District Court, or the Water Court shall appoint a qualified interpreter to provide interpretation services to a person who is a party, witness, prospective juror, or juror in any civil or criminal proceedings conducted by the court if the person is deaf or hard of hearing and an assisted hearing device or system is unavailable or ineffective.

6.2 If the proceeding is anticipated to be lengthy, the court may be required to appoint an additional interpreter to assist in providing interpretation services.

6.3 Interpreters should be appointed from a list of qualified interpreters maintained by the Department of Public Health and Human Services (49-4-507, MCA) and available through the OCA. The court should appoint a locally or regionally based interpreter when appropriate and available to minimize the interpreter's travel time and costs.

6.4 If unable to obtain the services of a locally or regionally based interpreter, the court should contact the OCA for assistance in locating services.

## 7.0 COMMUNICATION ACCESS REALTIME TRANSLATION SERVICES FOR PERSONS WHO ARE DEAF OR HARD OF HEARING

If acceptable to a person who is deaf or hard of hearing, a court may provide interpretation services through communication access real-time translation (CART)

services from a qualified operator. These services may be provided in the courtroom or off-site.

## 8.0 CODE OF CONDUCT FOR INTERPRETERS

8.1 In accordance with Rule 604 of the Montana Rules of Evidence, an interpreter is subject to an oath or affirmation to make a true translation.

8.2 The following code of conduct applies to interpreters appointed by a court:

8.2.1 Interpreters shall render a complete and accurate interpretation without altering, omitting, or adding anything to what is stated and without explanation.

8.2.2 Interpreters shall accurately and completely represent their certifications, training, and experience.

8.2.3 Interpreters shall be impartial and unbiased and shall refrain from conduct that may give an appearance of bias. Interpreters shall immediately disclose to the court any real, potential, or perceived conflicts of interest.

8.2.4 Interpreters shall conduct themselves in a manner consistent with the dignity of the court.

8.2.5 Interpreters shall protect the confidentiality of all privileged and confidential information.

8.2.6 Interpreters shall limit themselves to interpreting and may not give legal advice, express personal opinions to individuals for whom they are interpreting or engage in any other activities that may be construed to constitute a service other than interpreting while serving as an interpreter.

## 9.0 PAYMENT FOR COURT-APPOINTED INTERPRETION SERVICES FOR LEP PERSONS OR PERSONS WHO ARE DEAF OR HARD OF HEARING

9.1 Except as provided in subsection 9.3, the OCA is responsible for payment for services provided during a court proceeding by an interpreter appointed by the court. Compensation for an appointed interpreter should not exceed $60 per hour unless extenuating circumstances warrant a higher hourly rate. The interpreter also is entitled to reimbursement for travel, lodging, and meals in accordance with the Judicial Branch's travel policy (Policy No. 770).

9.2 The interpreter shall submit an invoice to the court for approval. The court shall submit the approved invoice, together with the court order appointing the interpreter, to the OCA for payment.

9.3 The OCA is not responsible for the costs of interpretation services incurred by an attorney when consulting with a client or a with a witness.